Patrick J. Reilly, Esq.
Nevada Bar No. 6103
Sydney R. Gambee, Esq.
Nevada Bar No. 14201
HOLLAND & HART LLP
9555 Hillwood Drive, Second Floor
Las Vegas, Nevada 89134
Tel: (702) 669-4600
Fax: (702) 669-4650
Email: preilly@hollandhart.com
srgambee@hollandhart.com

*Attorneys for Elavon, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JB CARTER ENTERPRISES, LLC DBA ATM MERCHANT SYSTEMS, a Nevada Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>ELAVON, INC., a Georgia Corporation; DOE DEFENDANTS 1 – 10; and ROE DEFENDANTS 11 - 20,<br><br>Defendants. | Case No.: 2:18-cv-00394-JAD-NJK<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY** |

## STIPULATION

The parties, Plaintiff JB Carter Enterprises, LLC DBA ATM Merchant Systems ("JB Carter") and Defendant Elavon, Inc. ("Elavon," collectively, the "Parties") hereby submit the following *Stipulated Protective Order Regarding Confidentiality* as follows:

The Parties hereby agree that the handling of confidential material in these proceedings shall be governed by the provisions set forth below:

1. Applicability of this Protective Order: Subject to Section 19 below, this Protective Order does not and will not govern any trial proceedings in this action but will otherwise be applicable to and govern the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admissions, responses to requests for production of documents, and all

other discovery obtained pursuant to Federal Rules of Civil Procedure or other legal process by or from, or produced on behalf of, a party or witness in connection with this action (this information hereinafter shall be referred to as "Discovery Material''). As used herein, "Producing Party" or "Disclosing Party" shall refer to the Parties and nonparties that give testimony or produce documents or other information in connection with this action; "Receiving Party" shall refer to the Parties in this action that receive such information, and "Authorized Recipient" shall refer to any person or entity authorized by Sections 11 and 12 of this Protective Order to obtain access to Confidential Information (as defined in Section 4), Highly Confidential Information (as defined in Section 5), or the contents of such Discovery Material.

2. <u>Designation of Information:</u> Any Producing Party may designate Discovery Material that is in its possession, custody, or control produced to a Receiving Party as "Confidential" or "Highly Confidential" under the terms of this Protective Order if the Producing Party in good faith reasonably believes that such Discovery Material contains nonpublic, confidential information as defined in Sections 4 and 5 below.

3. <u>Exercise of Restraint and Care in Designating Material for Protection:</u> Each Producing Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Indiscriminate designations are prohibited.

4. <u>Confidential Information:</u> For purposes of this Protective Order, "Confidential Information" means any Protected Data (as defined below) or any information that constitutes, reflects, or discloses nonpublic information, trade secrets, know-how, or other financial, proprietary, commercially sensitive, confidential business, marketing, regulatory, or strategic information (regarding business plans or strategies, technical data, and nonpublic designs), the disclosure of which the Producing Party believes in good faith might reasonably result in economic or competitive, or business injury to the Producing Party (or its affiliates, personnel, or clients) and which is not publicly known and cannot be ascertained from an inspection of publicly available sources, documents, material, or devices. Confidential Information shall also include sensitive personal information that is not otherwise publicly available, such as home addresses; social

security numbers; dates of birth; employment personnel files; medical information; home telephone records/numbers; employee disciplinary records; family court documents sealed by the family court pursuant to NRS 125.110 or designated Confidential by agreement of the parties to the family court proceedings at issue; wage statements or earnings statements; employee benefits data; tax records; and other similar personal financial information. A party may also designate as "CONFIDENTIAL" compilations of publicly available discovery materials, which would not be known publicly in a compiled form.

(a) Protected Data. The term "Protected Data" shall refer to any information that a party believes in good faith to be subject to federal, state or foreign data protection laws or other privacy obligations. Protected Data constitutes highly sensitive materials requiring special protection.

5. <u>Highly Confidential Information:</u> For purposes of this Protective Order, Highly Confidential Information is any Protected Data and/or Confidential Information as defined in Section 4 above that also includes (a) extremely sensitive, highly confidential, nonpublic information, consisting either of trade secrets or proprietary or other highly confidential business, financial, regulatory, private, or strategic information (including information regarding business plans, technical data, and nonpublic designs), the disclosure of which would create a substantial risk of competitive, business, or personal injury to the Producing Party, and/or (b) nonpublic documents or information reflecting the substance of conduct or communications that are the subject of state, federal, or foreign government investigations. Certain Protected Data may compel alternative or additional protections beyond those afforded Highly Confidential Information, in which event the Parties shall meet and confer in good faith, and, if unsuccessful, the party seeking any greater protection shall move the Court for appropriate relief. A party may re-designate material originally "CONFIDENTIAL" as "HIGHLY CONFIDENTIAL" by giving notice of such a re-designation to all Parties.

6. <u>Designating Confidential Information or Highly Confidential Information.</u> If any party in this action determines in good faith that any information, documents, things, or responses produced in the course of discovery in this action should be designated as Confidential Information

Protective Order11017037v1

or Highly Confidential Information (the "Designating Party"), it shall advise any party receiving such material of this fact, and all copies of such document, things, or responses, or portions thereof deemed to be confidential shall be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (whether produced in hard copy or electronic form) at the expense of the Designating Party and treated as such by all Parties. A Designating Party may inform another party that a document is Confidential or Highly Confidential by providing the Bates number of the document in writing. If Confidential or Highly Confidential Information is produced via an electronic form on a computer readable medium (*e.g.*• CD-ROM), other digital storage medium, or via Internet transmission, the Producing Party or Designating Party shall affix in a prominent place on the storage medium or container file on which the information is stored, and on any container(s) for such medium, the legend "Includes CONFIDENTIAL INFORMATION" or "Includes HIGHLY CONFIDENTIAL INFORMATION." Nothing in this section shall extend confidentiality or the protections associated therewith to any information that does not otherwise constitute "Confidential Information" or "Highly Confidential Information" as defined in Sections 4 and 5 herein.

7. <u>Redaction Allowed</u>: Any Producing Party may redact from the documents or things it produces matter that the Producing Party claims is subject to the attorney-client privilege, the work product doctrine, a legal prohibition against disclosure, or any other privilege from disclosure. Any Producing Party also may redact information that is both personal and nonresponsive, such as a social security number. A Producing Party may not withhold nonprivileged, responsive information solely on the grounds that such information is contained in a document that includes privileged information. The Producing Party shall mark each redaction with a legend stating "REDACTED," and include an annotation indicating the specific reason for the redaction (*e.g.*, "REDACTED-Work Product"). All documents redacted based on attorney client privilege or work product immunity shall be listed in an appropriate log in conformity with Nevada law and Federal Rule of Civil Procedure 26(b)(5). Where a document consists of more than one page, the page on which information has been redacted shall so be marked. The Producing Party shall preserve an unredacted version of such document. In addition to the foregoing, the following shall apply to redactions of Protected Data:

Protective Order11017037v1

(a) Any party may redact Protected Data that it claims, in good faith, requires protections under the terms of this Protective Order.

(b) Protected Data shall be redacted from any public filing not filed under seal.

(c) The right to challenge and the process for challenging redactions shall be the same as the right to challenge and the process from challenging the designation of Confidential Information or Highly Confidential Information.

8. <u>Use of Confidential Information or Highly Confidential Information</u>. Except as provided herein, Confidential Information and Highly Confidential Information designated or marked shall be maintained in confidence, used solely for the purposes of this action, to the extent not otherwise prohibited by an order of the Court, shall be disclosed to no one except those persons identified herein in Sections 11 and 12, and shall be handled in such manner until such designation is removed by the Designating Party or by order of the Court. Confidential or Highly Confidential information produced by another party shall not be used by any Receiving Party for any commercial, competitive or personal purpose. Nothing in this Protective Order shall govern or restrict a Producing Party's use of its own Confidential or Highly Confidential Information in any way.

9. Once the Court enters this Protective Order, a party shall have thirty (30) days to designate as Confidential or Highly Confidential any documents previously produced in this action, which it can do by stamping "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the document, or informing the other Parties of the Bates-numbers of the documents so designated.

10. <u>Use of Confidential Information and Highly Confidential Information in Depositions</u>. Counsel for any party shall have the right to disclose Confidential or Highly Confidential Information at depositions, provided that such disclosure is consistent with this Protective Order, including Sections 11 and 12. Any counsel of record may request that all persons not entitled under Sections 11 or 12 of this Protective Order to have access to Confidential Information or Highly Confidential Information leave the deposition room during the confidential portion of the deposition. Failure of such other persons to comply with a request to leave the deposition shall constitute substantial justification for counsel to advise the witness that the witness need not

Protective Order11017037v1

answer the question where the answer would disclose Confidential Information or Highly Confidential Information. Additionally, at any deposition session, (1) upon inquiry with regard to the content of any discovery material(s) designated or marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY;" (2) whenever counsel for a party deems that the answer to a question may result in the disclosure or revelation of Confidential or Highly Confidential Information; and/or (3) whenever counsel for a party deems that the answer to any question has resulted in the disclosure or revelation of Confidential or Highly Confidential Information, counsel to any party may designate portions of a deposition transcript and/or video of any deposition (or any other testimony) as containing Confidential or Highly Confidential Information in accordance with this Order by a statement on the record during the deposition or by notifying all other Parties in writing, within thirty (30) calendar days of receiving the transcript or video that it contains Confidential or Highly Confidential Information and designating the specific pages, lines, and/or counter numbers as containing Confidential or Highly Confidential Information. If a designation is made via a statement on the record during a deposition, counsel must direct the reporter for the deposition shall be directed that questions, answers, colloquy, and exhibits referring or relating to any such Confidential or Highly Confidential Information shall be placed in a separate volume labeled so as to reflect the confidentiality of the material contained therein or follow up in writing within thirty (30) calendar days of receiving the transcript or video, identifying the specific pages, lines, and/or counter numbers containing the Confidential or Highly Confidential Information. If no confidentiality designations are made within the thirty calendar (30) day period, the entire transcript shall be considered nonconfidential. During the thirty (30) day period, the entire transcript and video shall be treated as Confidential Information (or Highly Confidential Information). All originals and copies of deposition transcripts that contain Confidential Information or Highly Confidential Information shall be prominently marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the cover thereof and, if and when filed with the Court, the portions of such transcript so designated shall be filed under seal. Counsel must designate portions of a deposition transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" within

Protective Order11017037v1

thirty calendar (30) days of receiving the transcript. Any DVD or other digital storage medium containing Confidential or Highly Confidential deposition testimony shall be labeled in accordance with the provisions of Section 6.

11. <u>Persons Authorized to Receive Confidential Information</u>. Confidential Information produced pursuant to this Protective Order may be disclosed or made available only to the Court, its employees, other court personal, any discovery referee, mediator or other official who may be appointed by the Court, and to the persons below:

(a) The Parties, or officers, directors, employees, and agents of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b) Counsel for a party (including in house attorneys, outside attorneys associated with a law firm(s) of record, and paralegal, clerical, and secretarial staff employed by such counsel);

(c) Persons retained by a party to provide litigation support services (photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.);

(d) Consultants or expert witnesses (together with their support staff) retained for the prosecution or defense of this litigation, provided that such an expert or consultant is not a current employee of a direct competitor of a party named in this action[1]

(e) Court reporter(s) and videographers(s) employed in this action;

(f) Any authors or recipients of the Confidential Information;

///

---

[1] A party may seek leave of court to provide information to a consultant employed by a competitor.

Page 7 of 18

Protective Order11017037v1

(g) A witness at any deposition or other proceeding in this action, who shall sign the Confidentiality Agreement attached as **Exhibit "A"** to this Protective Order before being shown a confidential document; and

(h) Any other person as to whom the Parties in writing agree or that the Court in these proceedings so designates.

Any person to whom Confidential Information is disclosed pursuant to subparts (a) through (g) hereinabove shall be advised that the Confidential Information is being disclosed pursuant to an order of the Court, that the information may not be disclosed by such person to any person not permitted to have access to the Confidential Information pursuant to this Protective Order, and that any violation of this Protective Order may result in the imposition of such sanctions as the Court deems proper. Any person to whom Confidential Information is disclosed pursuant to subpart (c), (d), (g) or (h) of this section shall also be required to execute a copy of the form Exhibit A. The persons shall agree in writing to be bound by the terms of this Protective Order by executing a copy of Exhibit A (which shall be maintained by the counsel of record for the party seeking to reveal the Confidential Information) in advance of being shown the Confidential Information. No party (or its counsel) shall discourage any persons from signing a copy of Exhibit A. If a person refuses to execute a copy of Exhibit A, the party seeking to reveal the Confidential Information shall seek an order from the Court directing that the person be bound by this Protective Order. In the event of the filing of such a motion, Confidential Information may not be disclosed to such person until the Court resolves the issue. Proof of each written agreement provided for under this Section shall be maintained by each of the Parties while this action is pending and disclosed to the other Parties upon good cause shown and upon order of the Court.

12. <u>Persons Authorized to Receive Highly Confidential Information</u>. "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" documents and information may be used only in connection with this case and may be disclosed only to the Court and the persons listed in subsections (b) to (e) and (g) to (h) of Section 11 above, but shall not be disclosed to a party, or an employee of a party, unless otherwise agreed or ordered. With respect to sub-section (f), the Parties will consider disclosure of Highly Confidential Information to an author or recipient on a

Protective Order11017037v1

case by case basis. Any person to whom Highly Confidential Information is disclosed pursuant to sub-sections (c), (d), (g) or (h) of Section 11 above shall also be required to execute a copy of the form Exhibit A.

13.

See order issued concurrently herewith.

14. <u>Notice to Nonparties</u>. Any party issuing a subpoena to a nonparty shall enclose a copy of this Protective Order and advise the nonparty that it may designate any Discovery Material it produces pursuant to the terms of this Protective Order, should the nonparty Producing Party wish to do so. This Order shall be binding in favor of nonparty Designating Parties to the maximum extent permitted by law. Any nonparty invoking the Protective Order shall comply with, and be subject to, all applicable sections of the Protective Order.

15. <u>Knowledge of Unauthorized Use or Possession</u>. If a party receiving Confidential Information or Highly Confidential Information learns of any possession, knowledge, use or disclosure of any Confidential Information or Highly Confidential Information in violation of the terms of this Protective Order, the Receiving Party shall immediately notify in writing the party that produced the Confidential Information or Highly Confidential Information. The Receiving Party shall promptly furnish the Producing Party the full details of such possession, knowledge, use or disclosure. With respect to such unauthorized possession, knowledge, use or disclosure the Receiving Party shall assist the Producing Party in remedying the disclosure *(e.g.,* by retrieving the Confidential Information from an unauthorized recipient) and/or preventing its recurrence.

16. <u>Copies, Summaries or Abstracts</u>. Any copies, summaries, abstracts or exact duplications of Confidential Information or Highly Confidential Information shall be marked

Protective Order11017037v1

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" and shall be considered Confidential Information or Highly Confidential Information subject to the terms and conditions of this Protective Order. Attorney-client communications and attorney work product regarding Confidential Information or Highly Confidential Information shall not be subject to this section, regardless of whether they summarize, abstract, paraphrase, or otherwise reflect Confidential Information or Highly Confidential Information.

17. <u>Information Not Confidential</u>. The restrictions set forth in this Protective Order shall not be construed to apply to any information or materials that:

(a) Were lawfully in the Receiving Party's possession prior to such information being designated as Confidential or Highly Confidential Information in this action, and that the Receiving Party is not otherwise obligated to treat as confidential;

(b) Were obtained without any benefit or use of Confidential or Highly Confidential Information from a third party having the right to disclose such information to the Receiving Party without restriction or obligation of confidentiality;

(c) Were independently developed after the time of disclosure by persons who did not have access to the Producing Party's Confidential or Highly Confidential Information;

(d) Have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of a Receiving Party; or

(e) Under law, have been declared to be in the public domain.

18. <u>Challenges to Designations</u>. Any party may object to the designation of Confidential Information or Highly Confidential Information on the ground that such information does not constitute Confidential Information or Highly Confidential Information by serving written notice upon counsel for the Producing Party within sixty (60) calendar days of the date the item(s) was designated, specifying the item(s) in question and the grounds for the objection. If a party objects

Protective Order11017037v1

to the designation of any materials as Confidential Information or Highly Confidential Information, the party challenging the designation shall arrange for a meet and confer conference to be held within ten (10) calendar days of service of a written objection to the designation to attempt to informally resolve the dispute. If the Parties cannot resolve the matter, the party challenging the designation may file a motion with the Court to resolve the dispute. Such motions must be filed within ten (10) calendar days of the meet and confer conference. This Protective Order will not affect the burden of proof on any such motion, or impose any burdens upon any party that would not exist had the Protective Order not been entered; as a general matter, the burden shall be on the person making the designation to establish the propriety of the designation. Any contested information shall continue to be treated as confidential and subject to this Protective Order until such time as such motion has been ruled upon.

19. <u>Use in Court</u>. If any Confidential Information or Highly Confidential Information is used in any pretrial Court proceeding in this action, it shall not necessarily lose its confidential status through such use, and the party using such information shall take all reasonable steps consistent with applicable rules for redacting and sealing court records to maintain its confidentiality during such use.

20. <u>No Waiver</u>. This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information among the Parties to this action without involving the Court unnecessarily in the process. Nothing in this Protective Order, nor the production of any information or document under the terms of this Protective Order, nor any proceedings pursuant to this Protective Order shall be deemed to be a waiver of any rights or objections to challenge the authenticity or admissibility of any document, testimony or other evidence at trial. Additionally, this Protective Order will not prejudice the right of any party or nonparty to oppose production of any information on the ground of attorney-client privilege; work product doctrine or any other privilege or protection provided under the law.

21. <u>Reservation of Rights</u>. The Parties each reserve the right to seek or oppose additional or different protection for particular information, documents, materials, items or things. This Stipulation shall neither enlarge nor affect the proper scope of discovery in this Action. In addition,

Protective Order11017037v1

this Stipulation shall not limit or circumscribe in any manner any rights the Parties (or their respective counsel) may have under common law or pursuant to any state, federal, or foreign statute or regulation, and/or ethical rule.

22. <u>Inadvertent Failure to Designate</u>. The inadvertent failure to designate information produced in discovery as Confidential or Highly Confidential shall not be deemed, by itself, to be a waiver of the right to so designate such discovery materials as Confidential Information or Highly Confidential Information. Within a reasonable time of learning of any such inadvertent failure, the Producing Party shall notify all Receiving Parties of such inadvertent failure and take such other steps as necessary to correct such failure after becoming aware of it. Disclosure of such discovery materials to any other person prior to later designation of the discovery materials in accordance with this section shall not violate the terms of this Protective Order. However, immediately upon being notified of an inadvertent failure to designate, all Parties shall treat such information as though properly designated, and shall take any actions necessary to prevent any future unauthorized disclosure, use, or possession.

23. <u>No Waiver of Privilege</u>: Disclosure (including production) of information after the Parties' entry of this Protective Order that a party or nonparty later claims was inadvertent and should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Disclosing or Producing Party would be entitled in this action.

24. <u>Effect of Disclosure of Privileged Information</u>: The Receiving Party hereby agrees to promptly return, sequester, or destroy any Privileged Information disclosed or produced by Disclosing or Producing Party upon request by Disclosing or Producing Party regardless of whether the Receiving Party disputes the designation of Privileged Information. The Receiving Party may sequester (rather than return or destroy) such Privileged Information only if it contends that the information itself is not privileged or otherwise protected and it challenges the privilege designation, in which case it may only sequester the information until the claim of privilege or

Page 12 of 18

Protective Order11017037v1

other protection is resolved. If any party disputes the privilege claim ("Objecting Party"), that Objecting Party shall object in writing by notifying the Producing Party of the dispute and the basis therefore. The Parties thereafter shall meet and confer in good faith regarding the disputed claim within seven (7) court days after service of the written objection. In the event that the Parties do not resolve their dispute, the Objecting Party may bring a motion for a determination of whether a privilege applies within ten (10) court days of the meet and confer session, but may only contest the asserted privileges on ground other than the inadvertent production of such document(s). In making such a motion, the Objecting Party shall not disclose the content of the document(s) at issue, but may refer to the information contained on the privilege log. Nothing herein shall relieve counsel from abiding by applicable ethical rules regarding inadvertent disclosure and discovery of inadvertently disclosed privileged or otherwise protected material. The failure of any party to provide notice or instructions under this Paragraph shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Disclosing or Producing Party would be entitled in this action.

25. <u>Inadvertent Production of Non-Discoverable Documents</u>. If a Producing Party inadvertently produces a document that contains no discoverable information, the Producing Party may request in writing that the Receiving Party return the document, and the Receiving Party will return the document A Producing Party may not request the return of a document pursuant to this section if the document contains any discoverable information. If a Producing Party inadvertently fails to redact personal information (e.g., a social security number), the Producing Party may provide the Receiving Party a substitute version of the document that redacts the personal information, and the Receiving Party shall return the original, unredacted document to the Producing Party.

26. <u>Return of Information</u>. Within thirty (30) calendar days after the final disposition of this action, all Confidential Material and/or Highly Confidential Material produced by an opposing party or nonparty (including, without limitation, any copies, extracts or summaries thereof) as part of discovery in this action shall be destroyed by the Parties to whom the Confidential Material and/or Highly Confidential Material was produced, and each counsel shall, by declaration

Protective Order11017037v1

delivered to all counsel for the Producing Party, affirm that all such Confidential Material and/or Highly Confidential Material (including, without limitation, any copies, extracts or summaries thereof) has been destroyed; provided, however, that each counsel shall be entitled to retain pleadings, motions and memoranda in support thereof, declarations or affidavits, deposition transcripts and videotapes, or documents reflecting attorney work product or consultant· or expert work product, even if such material contains or refers to Confidential Material and/or Highly Confidential Material, but only to the extent necessary to preserve a litigation file with respect to this action.

27. <u>Attorney's Fees</u>. Nothing in this Protective Order is intended to either expand or limit a prevailing party's right under the Federal Rules of Civil Procedure or other applicable state or federal law to pursue costs and attorney's fees incurred related to confidentiality designations or the abuse of the process described herein.

28. <u>Injunctive Relief and Sanctions Available for Unauthorized Disclosure or Use of Confidential Information or Highly Confidential Information</u>. The Parties and/or nonparties shall not utilize any Confidential Information and/or Highly Confidential Information for their own personal and/or business advantage or gain, aside from purpose(s) solely related to the instant litigation. The Parties and nonparties acknowledge and agree that unauthorized use and/or disclosure of Confidential Information and/or Highly Confidential Information beyond this litigation shall subject the offending party or nonparty to sanctions contemplated in FRCP 37(b)(2)(A)-(C), up to and including entry of judgment against the offending party in circumstances involving willful disobedience with this order. Further, the Parties and/or nonparties receiving or being given access to Confidential Information and/or Highly Confidential Information acknowledge that monetary remedies would be inadequate to protect each party in the case of unauthorized disclosure or use of Confidential Information or Highly Confidential Information that the Receiving Party only received through discovery in this action and that injunctive relief would be necessary and appropriate to protect each party's rights in the event there is any such unauthorized disclosure or use of Confidential Information or Highly Confidential Information. The availability of injunctive relief to protect against the unauthorized

Protective Order11017037v1

disclosure or use of Confidential Information or Highly Confidential Information shall not be exclusive.

29. <u>Other Actions and Proceedings</u>. If a Receiving Party (a) is subpoenaed in another action, investigation, or proceeding, (b) is served with a demand in another action, investigation, or proceeding, or (c) is served with any legal process by one not a party to this Protective Order, seeking materials which were produced or designated as Confidential or Highly Confidential pursuant to this Protective Order, the Receiving Party shall give prompt actual written notice by electronic transmission to counsel of record for such Producing Party within five (5) business days of receipt of such subpoena, demand or legal process, or such shorter notice as may be required to provide other Parties with the opportunity to object to the immediate production of the requested discovery materials to the extent permitted by law. The burden of opposing enforcement of the subpoena shall fall upon the party or nonparty who produced or designated the Discovery Material as Confidential or Highly Confidential Information. Unless the party or nonparty who produced or designated the Confidential or Highly Confidential Information obtains an order directing that the subpoena not be complied with, and serves such order upon the Receiving Party prior to production pursuant to the subpoena, the Receiving Party shall be permitted to produce documents responsive to the subpoena on the subpoena response date. Compliance by the Receiving Party with any order directing production pursuant to a subpoena of any Confidential or Highly Confidential Information shall not constitute a violation of this Protective Order. Nothing in this Protective Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

30. <u>Execution in Counterparts</u>. This Protective Order may be signed in counterparts, and a fax or "PDF" signature shall have the same force and effect as an original ink signature.

///

///

///

///

///

Protective Order11017037v1

31. <u>Order Survives Termination</u>. This Protective Order shall survive the termination of this action, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

DATED this 20th day of June, 2018.  DATED this 20th day of June, 2018.

<u>          /s/ Sydney R. Gambee          </u>  <u>          /s/ Michael R. Mushkin          </u>
Patrick J. Reilly, Esq. (SBN 6103)  Michael R. Mushkin, Esq. (SBN 2421)
Sydney R. Gambee, Esq. (SBN 14201)  L. Joe Coppedge, Esq. (SBN 4954)
HOLLAND & HART LLP  MUSHKIN CICA COPPEDGE
9555 Hillwood Drive, 2nd Floor  4495 S. Pecos Road
Las Vegas, Nevada 89134  Las Vegas, Nevada 89121

*Attorneys for Elavon, Inc.*  *Attorneys for JB Carter Enterprises, LLC DBA ATM Merchant Systems*

**PROTECTIVE ORDER**

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

Dated: <u>June 21, 2018                    </u>

Page 16 of 18

Protective Order11017037v1

# EXHIBIT A

# CONFIDENTIALITY AGREEMENT

I, _____ do hereby acknowledge and agree, under penalty of perjury, as follows:

1. I have read the *Stipulated Protective Order Regarding Confidentiality* ("the Protective Order") entered in *JB Carter Enterprises, LLC DBA ATM Merchant Systems v. Elavon, Inc.*, in the United States District Court, District of Nevada Case No. 2:18-cv-00394-JAD-NJK on the ____ day of _____, 201__, and I fully understand its contents.

2. I hereby agree and consent to be bound by the terms of the Protective Order and to comply with it in all respects, and to that end, I hereby knowingly and voluntarily submit and subject myself to the personal jurisdiction of the United States District Court, District of Nevada so that the said court shall have the power and authority to enforce the Protective Order and to impose appropriate sanctions upon me for knowingly violating the Protective Order, including punishment for contempt of court for a knowing violation of the Protective Order.

3. I understand that by signing this instrument, I will be eligible to receive "Confidential Information" and/or "Highly Confidential Information" under the terms and conditions of the Protective Order. I further understand and agree that I must treat any "Confidential Information" and/or "Highly Confidential Information" in accordance with the terms and conditions of the Protective Order, and that, if I should knowingly make a disclosure of any such information in a manner unauthorized by the Protective Order, I will have violated a court order, will be in contempt of court, and will be subject to punishment by the court for such conduct.

DATED: _____        _____
                                     (Signature)

                                     _____
                                     (Printed Name)

                                     _____
                                     (Address)

# CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of June, 2018, I served a true and correct copy of the foregoing **STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY** by electronic transmission to the parties on electronic file or by depositing same in the United States mail, first class postage fully prepaid to the persons and addresses listed below:

**Electronic Service:**

Michael R. Mushkin, Esq.
L. Joe Coppedge, Esq.
MUSHKIN * CICA * COPPEDGE
4495 S. Pecos Road
Las Vegas, Nevada 89121
Tel: (702) 386-3999
Fax; (702) 386-4788
michael@mccnvlaw.com;
jcoppedge@mccnvlaw.com

*Attorney for JB Carter Enterprises, LLC dba ATM Merchant System*

                                        */s/ Joyce Heilich*
                                 An Employee of HOLLAND & HART LLP

Protective Order11017037v1