UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JB Carter Enterprises, LLC dba ATM Merchant Systems, | Case No.: 2:18-cv-00394-JAD-NJK |
| Plaintiff | **Order re: Motions to Seal and Redact** |
| v. | [ECF Nos. 81, 97] |
| Elavon, Inc., | |
| Defendant | |

Defendant Elavon, Inc. moves to seal the parties' Master Agreement that Elavon provided with its motion for attorney's fees and to redact the parts of the parties' motion, response, and reply briefs that discuss the Master Agreement.[1] But the Master Agreement is already part of the judicial record in this case,[2] has been twice sealed by court order,[3] and has not yet been unsealed. So, Elavon's request to seal the Master Agreement is unnecessary. As for Elavon's requests to redact the parts of the underlying briefs that discuss the Master Agreement, it has not shown that good cause exists to keep that information secret. I therefore deny Elavon's motions to seal and redact without prejudice.

**Discussion**

To avoid duplicative motion practice, once a document has been sealed by court order, this court's local rules permit the parties to continue filing it under seal until and unless it has

---

[1] ECF Nos. 81, 97. Plaintiff JB Carter Enterprises, LLC did not respond to Elavon's motions.

[2] Elavon provided the agreement with its dismissal motion, ECF No. 6 at 20–44 (sealed), and its summary-judgment motion. ECF No. 63 at 5–29 (sealed).

[3] ECF Nos. 28 (minutes of proceedings, granting Elavon's motions to seal and redact at ECF Nos. 4, 18), 78 (granting Elavon's motions to seal and redact at ECF Nos. 58, 75).

been unsealed by the court. Local Rule IA 10-5 provides that "[i]f papers are filed under seal under prior court order, the papers must state on the first page, directly under the case number: 'FILED UNDER SEAL UNDER COURT ORDER [ECF No. ___).'"[4] The rule instructs that "[a]ll papers filed under seal will remain sealed until the court either denies the motion to seal or enters an order unsealing them."[5] And the rule assures parties that any sealed document won't be unsealed without "notice to all parties and an opportunity to be heard."[6] Because the Master Agreement has already been sealed, Elavon's request for that relief is needless.

What remains is Elavon's request to redact the parts of the underlying briefs that discuss the Master Agreement. The only parts of the Master Agreement that the parties discuss in their briefs are the clauses on liability limits (§ 15) and fee shifting (§ 22.9).[7] Because the underlying motion for attorney's fees is not dispositive, Elavon must make "a particularized showing" that "'good cause'" exists under FRCP 26(c) "to preserve the secrecy" of these two clauses.[8] Although it is a low burden, Elavon has not met it because it has not shown that good cause exists to maintain the seal on either clause. It merely points out that a different clause of the Master Agreement provides that its terms are "confidential and propriety" and concludes that "[c]onfidentiality must be maintained to protect this proprietary information from public disclosure."[9]

---

[4] L.R. IA 10-5(a).

[5] *Id.*

[6] *Id.* at (b).

[7] Sections 15 and 22.9.

[8] *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002); *Foltz v. St. Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003)).

[9] ECF No. 81 at 3.

I have reviewed the Master Agreement in camera and I am not satisfied that it is necessary to preserve the secrecy of either clause.  The fee-shifting clause is short and unremarkable, and Elavon paraphrases all of that clause's salient points in its attorney's fees motion without redaction.[10]  The limitation-on-liability clause is equally short and unremarkable.  Although Elavon does not paraphrase the salient points of that clause in its reply without redaction,[11] I cannot discern without a particularized showing from Elavon what prejudice or harm will result if the information in that clause is disclosed.  So I give Elavon one final opportunity to demonstrate that good cause exists to maintain the seal on these clauses.

## Conclusion

IT IS THEREFORE ORDERED that Elavon's motions to seal and redact **[ECF Nos. 81, 97] are DENIED without prejudice** to Elavon's ability to reurge its requests in a fully supported motion.  Elavon must file its renewed motion **by May 12, 2020**, but it need address only §§ 15 and 22.9 of Master Agreement—the clauses that are relevant to the parties' underlying briefs—because the court is not considering unsealing the entirety of the Master Agreement at this time.  If Elavon elects to forego maintaining the seal on §§ 15 and 22.9 of the Master Agreement, then it must file unredacted copies of its motion for attorney's fees and associated reply **by May 12, 2020**.  Elavon need file only the motion and reply themselves, not any exhibits, and it must state in the title of each that it is an "unredacted copy."

The Clerk of Court is directed to **maintain the seal** on all judicial records that have been sealed in this case.

                                                                    _____
                                                                    U.S. District Judge Jennifer A. Dorsey
                                                                                   April 28, 2020

---

[10] *See* ECF No. 82 at 4–5 & n.4 (redacted).

[11] *See* ECF No. 98 at 3, 6 (redacted).