# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JB Carter Enterprises, LLC dba ATM Merchant Systems,<br><br>    Plaintiff<br><br>v.<br><br>Elavon, Inc.,<br><br>    Defendant | Case No.: 2:18-cv-00394-JAD-NJK<br><br>**Order Denying Defendant's Motion for Attorney's Fees**<br><br>[ECF Nos. 82, 103] |

Defendant Elavon, Inc. moves for attorney's fees and nontaxable costs under the fee-shifting provision in its Master Agreement with Plaintiff JB Carter Enterprises, LLC dba ATM Merchant Systems (ATMMS).[1] I granted summary judgment in Elavon's favor on ATMMS's oral contract-related claim because the Master Agreement's integration clause required that purported oral contract to be in writing. I also granted summary judgment in Elavon's favor on ATMMS's other claims because no genuine issues of material fact remained. ATMMS contends that (1) the fee-shifting provision does not apply because my summary-judgment ruling did not include a determination that it breached the Master Agreement and, in the alternative, (2) that the fee-shifting provision only applies to the fees incurred defending its claims related to the alleged oral contract. Because the fee-shifting provision does not encompass Elavon's defensive use of the Master Agreement's integration clause, I deny Elavon's motion for attorney's fees.

---

[1] ECF Nos. 82 (redacted motion); 103 (unredacted motion).

**Discussion**

This is a diversity-jurisdiction case, so state law on attorney's fees applies.[2] Under Nevada law, attorney's fees are not recoverable "unless authorized by statute, rule, or agreement between the parties."[3] Nevada allows parties to freely provide for attorney's fees "by express contractual provisions."[4] "The objective in interpreting an attorney fees provision, as with all contracts, is to discern the intent of the contracting parties."[5]

Elavon points to the attorney's fee provision in the Master Agreement, which reads:

> In the event any party hereto is determined, in connection with a final and binding arbitration pursuant to Section 14 above, to have breached this Agreement, then the non-defaulting party shall be entitled to recover expenses incurred in enforcing the provisions of this Agreement, including reasonable attorneys' fees and costs.[6]

Elavon argues that the Master Agreement's fee-shifting provision encompasses this litigation regarding an alleged oral contract, "necessarily breach[ing]" the integration clause.[7] That integration clause states that the "agreement represents the entire understanding among [ATMMS], Elavon, and [its parent U.S. Bank National Association] with respect to the matters contained herein and, except as provided in this Agreement, it may be amended only by an instrument in writing signed by each of the parties hereto."[8]

---

[2] *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 973 (9th Cir. 2013) ("[S]tate law on attorney's fees is substantive, so state law applies in diversity cases.")

[3] *First Interstate Bank of New v. Green*, 694 P.2d 496, 498 (Nev. 1985).

[4] *Davis v. Beling*, 278 P.3d 501, 515 (Nev. 2012).

[5] *Id.* (quotation omitted).

[6] ECF No. 103 at 5.

[7] ECF No. 104 at 4.

[8] ECF No. 78 at 2–3.

There are two fatal flaws in Elavon's position.  First, there was no arbitration to trigger the attorneys-fees provision.  Having won summary judgment on its argument that the Master Agreement represents the entire understanding between it and ATMMS with respect to the subject matter of the alleged oral contract, Elavon conveniently now reads the term "arbitration" to mean arbitration *or litigation*.  Elavon justifies this reading by arguing that ATMMS's attempt to circumvent the Master Agreement by pleading an oral contract "led to this dispute being litigated in this Court rather than in arbitration."[9]  ATMMS does not respond, but Elavon's embrace of equity works both ways.  Because the record shows that Elavon never moved to compel arbitration under the Master Agreement, I decline to extend a provision for attorney's fees incurred *in arbitration* to encompass attorney's fees incurred *in litigation*.

Elavon's second foundational error is its assumption that any party was determined to have breached the agreement.  Although I found that the Master Agreement's integration clause barred ATMMS's breach-of-oral-contract claim, I never "determined" that ATMMS breached the integration clause by pursuing that claim, as required by the attorney's fees provision.[10]  I can only assume that, in filing this litigation, ATMMS had a good-faith basis for believing that the alleged oral contract did not relate to the subject matter of the Master Agreement and was thus exempt from the integration clause.[11]  Elavon calls ATMMS's strategy "deceptive[] pleading[,]"[12] but I have not made that finding.  So I deny Elavon's motion for attorney's fees.  I need not—and do not—reach ATMMS's alternative responsive argument.

---

[9] ECF No. 103 at 4 n.4.

[10] *Id.* at 5.

[11] *See generally* Fed. R. Civ. P. 11.

[12] ECF No. 104 at 4.

**Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Elavon's motion for attorney's fees **[ECF Nos. 82, 103] is DENIED**.

Dated: August 3, 2020

_____
U.S. District Judge Jennifer A. Dorsey