UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JB Carter Enterprises, LLC dba ATM Merchant Systems,<br><br>    Plaintiff<br><br>v.<br><br>Elavon, Inc.,<br><br>    Defendant | Case No.: 2:18-cv-00394-JAD-NJK<br><br>**Order Denying Defendant's Motion for Attorneys' Fees and Costs**<br><br>ECF No. 157 |

    In response to large-scale data breaches and increased counterfeiting, the debit- and credit-card industry adopted a technology known as "EMV" in 2015 to authenticate chip-card transactions. Before this industry shift, plaintiff JB Carter Enterprises, LLC dba ATM Merchant Systems (ATMMS), which provides account services like credit-card, ATM, and check-cashing transactions to merchants, retained defendant Elavon, Inc. as its payment processor and linked its software to Elavon's systems. While Elavon represented that its systems would be ready for the transition, years later they still weren't, so ATMMS sued Elavon for damages. Though ATMMS's case was disposed of on summary judgment in 2020,[1] most of its claims were revived on appeal to the Ninth Circuit.[2] Those claims proceeded to a bench trial that resulted in a Pyrrhic victory for ATTMS: it prevailed on its negligent-misrepresentation claim only, and I awarded nominal damages of just $1 because, "while ATMMS proved that Elavon caused it some harm, the court [wa]s left without sufficient evidence to put a dollar figure on that harm."[3]

---

[1] ECF No. 78.
[2] ECF No. 108.
[3] ECF No. 155 at 48.

Elavon now moves for an award of nearly $200,000 in attorneys' fees and litigation costs based on the $250,000 offer of judgment that it made to ATMMS and which ATMMS failed to beat.[4] Because I find that ATMMS's claims were brought in good faith, and its failure to accept the offer was not grossly unreasonable or in bad faith, I deny the motion.

**Analysis**

**A.  This request for an award of fees and costs based on an offer of judgment must be evaluated by the factors in the Nevada case of *Beattie v. Thomas*.**

Rule 68 of the Nevada Rules of Civil Procedure authorizes a litigant to make an offer of judgment to resolve a case. If the defendant makes an unconditional offer under the rule and the plaintiff rejects it and fails to beat it at trial, the court can order the plaintiff to pay the defendant's post-offer costs and attorney's fees.[5] "In making such an award of attorney fees, the district court must carefully review" four factors established by the Nevada Supreme Court in *Beattie v. Thomas*: "(1) whether the plaintiff brought the claim in good faith, (2) whether the defendant's offer of judgment was reasonable and brought in good faith in both its amount and timing, (3) whether it was grossly unreasonable or an act in bad faith for the plaintiff to reject the offer and proceed to trial, and (4) whether the fees sought are reasonable and justifiable in amount."[6] When the court "properly considers these *Beattie* factors, the award of attorney's fees

---

[4] ECF No. 157.

[5] Nev. R. Civ. P. 68(f)(2).

[6] *Ozawa v. Vision Airlines, Inc.*, 216 P.3d 788, 792 (Nev. 2009) (*citing Beattie v. Thomas*, 668 P.2d 268, 274 (Nev. 1983)).

is discretionary. . . ."[7] Because this state offer-of-judgment rule is substantive and does not conflict with a federal law, it applies in this diversity case.[8]

**B.     The *Beattie* factors do not support an award of fees and costs in this case.**

After a careful analysis of the *Beattie* factors, I find that an award of fees and costs based on ATMMS's tacit rejection of Elavon's offer of judgment is not warranted. The second factor favors Elavon, as the record contains no reason to conclude that Elavon's offer was unreasonable or in bad faith in timing or amount. It was made approximately a month before trial and thus well after both sides had a full and fair opportunity to evaluate the strength of their positions. Although the $250,000 offer was far below the value that ATMMS put on its claims and was thus more of a nuisance-value one, it was more than nominal. And while the trip to the Ninth Circuit and back necessarily ran up ATMMS's litigation expenses such that its own attorneys' bills likely exceeded the offer amount at that point, accepting the offer would have cut those losses before trial prep ramped up.

The fourth factor—the reasonableness of the amount of fees Elavon seeks—is neutral. As all litigators know, trials are expensive undertakings. But as ATMMS's counsel points out in its opposition, a combined 438 attorney hours for a three-day bench trial and the month leading up to it is excessive, as is 117 hours of attorney time on a 30-page post-trial brief. That overkill would justify only a reduction in an award, however, not its elimination altogether. So I consider this factor to be a neutral one in the decision whether to award any fees at all.

It's the remaining *Beattie* considerations that tip the scales in favor of ATMMS. The first factor asks whether ATMMS's claims were brought in good faith. This factor objectively

---

[7] *LaForge v. State, Univ. & Cmty. Coll. Sys. of Nevada*, 997 P.2d 130, 136 (Nev. 2000).

[8] *See MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1284 (9th Cir. 1999).

3

weighs in favor of denying the motion. The Ninth Circuit's reversal of my summary-judgment disposition validated ATMMS's claim theories and required that they be tested by trial.[9] Then at trial, ATMMS proved that Elavon negligently misrepresented that it would offer an EMV-compliant solution by the liability-shift date.[10] Although it ultimately failed to prove any of its other theories, the ultimate lack of success on those claims doesn't mean that ATMMS didn't pursue them in good faith.

The third and final factor also weighs heavily in favor of ATMMS. This *Beattie* factor asks whether ATMMS's decision to reject Elavon's offer and proceed to trial was "grossly unreasonable or in bad faith."[11] In light of the case history and ATMMS's perception of its damages, it made tactical sense not to take the offer. ATMMS was understandably emboldened by the Ninth Circuit's resuscitation of nearly all of its claims. It was also apparent at trial that the breakdown in this relationship was more than just a business one. The people who made up these companies had an affinity for one another, and the failures that ATMMS was claiming had a personal impact such that ATMMS desired its day in court. And (although it didn't prove them) ATMMS had calculated its damages at nearly $15 million by the time of trial, not including interest, fees, or costs, so the offer to settle for less than 2% of those perceived damages was reasonably unpalatable.[12] I thus cannot conclude that ATMMS's decision to ignore Elavon's $250,000 offer of judgment and proceed to trial was grossly unreasonable or in bad faith.

---

[9] ECF No. 108.
[10] ECF No. 155 at 31–36.
[11] *Beattie*, 668 P.2d at 274.
[12] ECF No. 162 at 7.

**Conclusion**

Because the *Beattie* factors balance against an award of fees and costs based on Elavon's rejected offer of judgment, IT IS ORDERED that **Elavon's motion for attorneys' fees and costs [ECF No. 157] is DENIED.**

_____
U.S. District Judge Jennifer A. Dorsey
March 20, 2024